UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLEAN AIR CAR SERVICE & PARKING BRANCH THREE, LLC, CLEAN AIR CAR SERVICE & PARKING CORP., and KEVIN S. WANG,<br><br>               Plaintiffs,<br><br>  -against-<br><br>CLEAN AIR CAR SERVICE & PARKING BRANCH TWO, LLC,<br><br>               Defendants. | **MEMORANDUM AND ORDER**<br>Case No. 24-CV-2479 |

*Appearances:*
*For the Plaintiffs:*
KEVIN S. WANG
Wood Wang & Associates, PLLC
30-50 Whitestone Expy, Ste 402
Flushing, NY 11354

*For the Defendant Clean Air Two:*
THOMAS A. DRAGHI
JAY S. HELLMAN
Westerman Ball Ederer Miller Zucker
& Sharfstein, LLP
1201 RXR Plaza
Uniondale, NY 11556

**BLOCK, Senior District Judge:**

      Appellant Kevin S. Wang, a *pro se* attorney, asks the Court to vacate and reverse the April 8, 2024, civil-contempt order (the "April 8 Order") by Judge Nancy Lord of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court") that sanctioned him for violating a previous court order (the "February 14 Order") requiring him to seek permission before filing a

1

motion for new relief. For the following reasons, the appeal is GRANTED, the April 8 Order is vacated, and the case is remanded to the Bankruptcy Court to provide Appellant an opportunity to be heard.

## I.     Background

The Court relayed the background of this case in its March 13, 2024, Memorandum and Order denying Appellant's motion for a stay in *Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Car Serv. & Parking Branch Two, LLC*, No. 23-CV-9495 (FB), 2024 WL 1144635, at *1 (E.D.N.Y. Mar. 13, 2024) (the "Stay Decision").[1] The Court assumes the parties' familiarity with those facts and incorporates them by reference.

On February 14, 2024, the Bankruptcy Court issued an oral order from the bench instructing Appellant to not file motions for new relief without seeking the court's permission. Feb. 14 Tr. 92:23–25, ECF No. 2-4. The Bankruptcy Court took that action because of Appellant's history of vexatious litigation. *Id.* at 27–28, 79, 85–86; *see also Clean Air Car Serv. & Parking Branch Three, LLC v. Clean Air Serv. & Parking Branch Two, LLC*, No. 24-CV-05444, 2024 WL 4118982, at *4 (E.D.N.Y. Sept. 9, 2024) ("Appellants here have taken nearly every opportunity to file meritless appeals grounded in these same moribund arguments which have been consistently rejected by not only this Court but the Second Circuit as well."). In issuing the

---

[1] The underlying bankruptcy case is Bankr. Case No. 23-41937 (Bkr. E.D.N.Y.) (Lord, J.).

February 14 Order, the Bankruptcy Court said: "I'm going to [] . . . say it for now until further order of the Court. If you want to file anything else, you have to first seek my approval." Feb. 14 Tr. at 92:23–25. Appellant responded "Yes, Your Honor. I will do it. Thank you." *Id.* at 93:1. The Order was not put in writing.

Notwithstanding, on March 27, 2024, Appellant filed an emergency motion seeking "adequate protection" without first obtaining approval from the Bankruptcy Court. Order 2, ECF No. 2-3. At a hearing previously scheduled for that day (the "March 27 hearing"), the Bankruptcy Court *sua sponte* admonished Appellant for filing the emergency motion in "violation of the Court's order from the Bench on February 14." Mar. 27 Tr. 8:7, ECF No. 2-8.

> THE COURT: . . . Today, shortly before 1:00 p.m., Mr. Wang filed an emergency motion for adequate protection on behalf of Clean Air Three. Mr. Wang, listen and listen clearly. This is a violation of the Court's order from the bench on February 14, 202[4]. "The Court: Page 92. Again, I am going to say it for now until further order of the Court, if you want to file anything else you have to first seek my approval. Mr. Wang: Yes Your Honor I will do it, thank you. The Court: So ordered subject to further order of the Court." You did not seek my approval that would require you to make a motion. You did not seek my approval, did you, to file this emergency motion for adequate protection on behalf of Clean Air Three.
>
> KEVIN S. WANG: Your Honor, I apologize, so I misunderstood that-
>
> THE COURT: No, no you don't misunderstand. I am sanctioning for that. And we're not even- there's nothing to talk about. I made it very clear. I so ordered the record. You told me "Yes Your Honor, I will do it, thank you." If you didn't understand, that would have been the time to say Judge, what is it you mean to say. And again, I said it various times in the record. I concluded it making sure that it was so ordered.

3

KEVIN S. WANG: Oh. I am-

THE COURT: Okay, so ordered the record, okay and you understood. I said again, I am going to say for now until further order of the Court and I said it earlier too. I said if you want to file anything, you first have to seek my approval and I did that as a middle ground to actually sanctioning you in connection with what was before me that day, giving everybody more time to argue with whatever and that was a middle ground. I also said that if you- whatever it is that you did file or I gave you permission to file something that the other side- all the other side would have to do is say these arguments have been made, we have opposed them. And you can say I know these arguments that have been rejected by the Court. The bottom line is you violated my order from the bench on February 14, 202[4]. **We don't need to have a hearing about it because it's a Court's order that has been violated. I am sanctioning you $2500 for filing that emergency motion, so ordered, I will enter an order. You will have 14 days to pay that into the Court. Yes?**

*Id.* at 8:4–9:19 (emphasis added). The Bankruptcy Court subsequently reduced its colloquy at the March 27 hearing to a written contempt order for sanctions on April 8, 2024, which encapsulated the court's language. Order, ECF No. 2-3. Appellant now appeals that April 8 written order.

## II.   Standard of review

1. <u>Review of Bankruptcy Court Orders</u>

The Court has jurisdiction over appeals from bankruptcy court orders pursuant to 28 U.S.C. § 158(a)(1) and Federal Rule of Bankruptcy Procedure 8001(a). Rule 8013 of the Federal Rules of Bankruptcy Procedures provides that a district court conducting appellate review may "affirm, modify, or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013.

4

A bankruptcy court's award of sanctions is reviewed for abuse of discretion. *In re Markus*, 78 F.4th 554, 563 (2d Cir. 2023) (citing *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010)). If a bankruptcy court lacks the authority to impose a particular sanction, its imposition constitutes an error of law, which is "necessarily" an abuse of discretion that demands reversal. *Id.* In reviewing the bankruptcy court's determinations, the Court may rely on any ground supported by the record—it need not rely solely upon those relied upon by the bankruptcy court. *See Krakowski v. Am. Airlines, Inc.*, 610 B.R. 714, 720 (S.D.N.Y. 2019); *Freeman v. Journal Register Co.*, 452 B.R. 367, 369 (S.D.N.Y. 2010).

2. Pro Se Litigant

"While '[i]t is well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants,' it is also well established that 'a lawyer representing himself ordinarily receives no such solicitude at all.'" *United States v. Pierce*, 649 F. App'x 117, 117 n.1 (2d Cir. 2016) (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010)).

### III.   April 8 Order

Appellant argues that the April 8 Order was impermissible on several grounds, including that the Bankruptcy Court did not give him an opportunity to be heard. The Court is sympathetic to the Bankruptcy Court's frustrations but is constrained under the law to afford Wang a pre-sanction opportunity to be heard.

Bankruptcy courts have inherent authority to impose civil contempt sanctions to enforce compliance with their lawful orders. *In re Markus*, 78 F.4th at 563–64. The Second Circuit has consistently held that courts have the power and obligation to limit individuals who historically file frivolous and vexatious claims. *See, e.g.*, *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (*per curiam*) (internal citations omitted) (holding that a court may impose an injunction when a "plaintiff abuse[s] the process of the Courts to harass and annoy others with meritless, frivolous, vexatious or repetitive ... proceedings"); *see also In re Martin-Trigona*, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."), *injunction made permanent*, 795 F.2d 9, 12 (2d Cir. 1986), *modified sub nom. Martin-Trigona v. Cohen*, 876 F.2d 307, 308 (2d Cir. 1989).

Still, "due process requires that courts provide notice and opportunity to be heard before imposing any kind of sanctions." *In re Markus*, 78 F.4th at 568 (quoting *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 70 (2d Cir. 1996)). However, bankruptcy courts may summarily hold parties and non-parties in contempt for direct contempt offenses that occur in the court's presence when it is in session. *United States v. Rangolan*, 464 F.3d 321, 325–26 (2d Cir. 2006) ("Since *Nye*, courts have used 'close physical proximity' as a proxy for determining whether

misbehavior occurred 'so near' the presence of the court." (quoting *Blalock v. United States*, 844 F.2d 1546, 1557 n.14 (11th Cir. 1998))).[2] But "disobedience to court orders," such as here, constitutes classic indirect contempt, which courts cannot summarily adjudicate. *Id.* at 325.

Appellant's case mirrors *Doral Produce Corp v. Paul Steinberg Assoc., Inc.*, 347 F.3d 36 (2d Cir. 2003). There, the district court held defendant's attorney in contempt *sua sponte* without allowing him to defend himself. *Id.* at 37–38. On appeal, the Second Circuit vacated the contempt judgment because the court did not provide defendant's attorney a meaningful opportunity to be heard before holding the attorney in contempt. *Id.* at 39–40 ("Mandell received neither notice . . . nor opportunity to speak in his defense until after the court had held him in contempt and imposed sentence."). Like in *Doral*, the Bankruptcy Court had to, and did not, afford Appellant "a reasonable opportunity to defend or explain his actions or present arguments in mitigation" at the March 27 hearing. *Id.* at 42 (quoting *United States v. Lumumba*, 741 F.2d 12, 17 (2d Cir. 1984)); *see also In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 117 (2d Cir. 2000) (citing *Klein v.*

---

[2] Contempt proceedings initiated *sua sponte* by a bankruptcy court are governed by "statutory and judicial developments, rather than procedural rules." Fed. R. Bankr. P. 9020, advisory committee's notes to 2001 amendments.

7

*Ulster Sav. Bank*, 127 F.3d 292, 295 (2d Cir. 1997)) (explaining that opportunity to respond by brief or oral argument suffices).

Appellant's violation of the February 14 Order constituted indirect contempt that required an opportunity to be heard because he did not disrupt proceedings in open court before the Bankruptcy Court *sua sponte* sanctioned him. *See Doral Produce Corp.*, 347 F.3d at 45 (explaining court should have provided appellant opportunity to be heard because "[h]is conduct, furthermore, involved no defiance of the court"); *cf. In re Mosdos Chofetz Chaim Inc.*, No. 22-CV-3371 (CS), 2023 WL 2707331 (S.D.N.Y. Mar. 30, 2023) (affirming bankruptcy court's *sua sponte* direct contempt order because it was made after witness repeatedly interrupted proceedings). The Court then continuously interrupted Appellant as he sought to defend himself. Mar. 27 Tr. at 8:4–9:19; *see Doral Produce Corp.*, 347 F.3d at 39–40. "It was clear from the court's treatment of [Appellant] . . . that, so far as the court was concerned, the contempt adjudication was finished business." *Doral Produce Corp.*, 347 F.3d at 39.

My ruling here does not render the February 14 Order invalid. Appellant erroneously contends that it must be in writing. Many courts in this circuit have held that violation of an oral court order may serve as a basis for a contempt order. *In re MarketXT Holdings Corp.*, 336 B.R. 39, 54 (Bankr. S.D.N.Y. 2006) ("A party may be held in civil contempt for violating an oral Court order." (citing *United*

*States v. Local 30, United Slate, Tile and Composition Roofers*, No. 87-CV-7718, 1990 WL 6105, at *3 (E.D. Pa. Jan. 25, 1990))); *In re: Soundview Elite, Ltd.*, No. 15-CV-5666 (KPF), 2016 WL 1178778, at *12–13 (S.D.N.Y. Mar. 23, 2016) (imposing sanctions based on violation of oral order); *United States v. Seltzer*, 227 F.3d 36, 39–41 (2d. Cir. 2000) (same). If Appellant misunderstood the February 14 Order, he should have sought "some clarification or guidance from the Court." *In re: Soundview Elite, Ltd.*, 2016 WL 1178778, at *10 (quoting *United States v. Cutler*, 815 F. Supp. 599, 611 (E.D.N.Y. 1993)).

Some contempt requirements, like a finding of bad faith, may not apply when a bankruptcy court sanctions an attorney's violation of a court order. *See In re Markus*, 78 F.4th at 565–66 (quoting *Seltzer*, 227 F.3d at 41–42). But the opportunity to be heard remains. The Bankruptcy Court's error of law requires reversal.

### IV.  Emergency Motion for Adequate Protection

Appellant asks the Court to deem his motion for adequate protection timely upon reversal of the April 8 Order. That claim is equitably moot because the debtor's reorganization plan has been substantially consummated in the underlying case. *Clean Air Car Serv. & Parking Branch Three, LLC*, 2024 WL 4118982, at *3.

### V.  Conclusion

The appeal is GRANTED. The matter is remanded to the Bankruptcy Court to provide Appellant an opportunity to be heard as to whether his filing of the adequate protection motion on March 27, 2024, violated the Bankruptcy Court's February 14 Order.

**SO ORDERED.**

                                                  /S/ Frederic Block
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
November 6, 2024